# NO. 12-12-00185-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SIR JOHN OLIPHANT,* *APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Sir John Oliphant appeals his convictions for two counts of harassment of a public servant. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se brief.   We affirm.

### BACKGROUND

Appellant was charged by indictment with two counts of the offense of harassment of a public servant, a third degree felony.[1]   The State later filed a notice of a felony enhancement paragraph.[2] Initially, Appellant entered a plea of "not guilty" to the offense charged in the indictment.   Later, Appellant entered an open plea of "guilty" to the offense charged.   Appellant and his counsel signed

---

[1] *See* TEX. PENAL CODE ANN. § 22.11(a)(2), (b) (West 2011).

[2] If it is shown on the trial of a third degree felony that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a) of the Texas Penal Code, on conviction the defendant shall be punished for a second degree felony.   *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2012).

a document entitled "Written Plea Admonishments—Waivers—Stipulations" in which Appellant swore and judicially confessed that he committed each and every element of the offense alleged in the indictment. He also pleaded "true" to the enhancement paragraph. The trial court accepted Appellant's plea of guilty to each count of the indictment and his plea of "true" to the enhancement paragraph.

After a punishment hearing, the trial court adjudged Appellant guilty of two counts of harassment of a public servant, found the enhancement paragraph to be "true," and assessed his punishment at ten years of imprisonment.[3] This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.

In Appellant's pro se brief, he argues that because of his lack of mental competency and medical issues, he did not possess the mental capacity to understand the proceedings against him, to aid his counsel in his defense, or make sound decisions for himself, thereby making his plea of "guilty" involuntary. He also contends that his counsel rendered ineffective assistance, that the trial court abused its discretion in allowing admission of impeachment evidence, i.e., extraneous offenses and prior bad acts, and that the trial court abused its discretion in allowing admission of a legal conclusion from a lay witness in violation of the Texas Rules of Evidence, the United States Constitution, the Texas Code of Criminal Procedure, and the Texas Constitution. Finally, Appellant argues that the evidence is insufficient to support the conviction.

We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*,

---

[3] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (West 2011).

178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* TEX. R. APP. P. 43.2.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2013**

**NO. 12-12-00185-CR**

**SIR JOHN OLIPHANT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 159th Judicial District Court

of Angelina County, Texas. (Tr.Ct.No. 2011-0422)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*